UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY CARTWRIGHT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON,<br><br>　　　　　Respondent. | Case No.: 1:13-cv-00463-AWI-SAB (HC)<br><br>ORDER REGARDING PETITIONER'S MOTION FOR A STAY AND ABEYANCE<br><br>(ECF No. 2) |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on March 29, 2013, along with a motion for a stay and abeyance to exhaust certain unexhausted claims.

　　　　In the instant petition, Petitioner raises the following twelve claims for relief: (1) there was insufficient evidence to support the jury's finding that Petitioner inflicted great bodily injury on the victim; (2) the definition of great bodily injury as set forth in California Penal Code section 12022.7 is unconstitutionally vague; (3) the trial court erred when in denying Petitioner's motion for new trial; (4) the trial court denied Petitioner's constitutional right to counsel when it denied his Marsden motion; (5) the cumulative effect of the errors committed at trial rendered Petitioner's trial fundamentally unfair in violation of his due process rights; (6) the sentence of count five of making criminal threats should have been stayed pursuant to California Penal Code section 654; (7) the

1

1  prosecution engaged in invidious and discriminatory action; (8) there was insufficient evidence to
2  support the torture charge; (9) the trial court abused its discretion ; (10) ineffective assistance of trial
3  counsel; (11) ineffective assistance of appellate counsel; and (12) ineffective assistance of new trial
4  counsel during sentencing.  (Pet. at 5-12.)

5  Petitioner indicates that grounds seven through twelve have not been exhausted and he has
6  filed a state habeas corpus petition in the California Supreme Court which is still pending.  Petitioner
7  requests that the instant federal petition for writ of habeas corpus be stayed and held in abeyance while
8  he exhausts these additional claims.

## I.

## DISCUSSION

There are two different basis for a district court to stay a petition and hold it in abeyance.  The first is under the three-step procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (hereinafter "Kelly").  Pursuant to Kelly, the petitioner initially amends the petition to delete any unexhausted claims.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-1071.)   The court then stays and holds the amended petition in abeyance and allows the petitioner to return to state court to exhausted the deleted claims.  Id.  After completion of exhaustion, the petitioner amends the petition to add the newly-exhausted claims to the original petition.  Id.

The Kelly procedures does not require a showing of good cause for the delay.  King, 564 F.3d at 1140.  The Ninth Circuit has noted, because the Kelly procedure does not leave the mixed petition pending, a petitioner proceeding under this procedure risks that he may not be able to comply with the timeliness of the deleted claims to amend back into the petition after exhaustion.[1]  A claim can only relate back to a pending federal petition only if the new claim shares a "common core of operate facts" within the claims in the pending petition.  Id. at 1141.  A new claim does not relate back to another claims simply because it arises from "the same trial, conviction, or sentence.  Mayle v. Felix, 545 U.S. 644, 662-664 (2004).

---

[1] Under 28 U.S.C. § 2244(d)(1), a one year statute of limitations applies to habeas corpus petitions. The pendency of a federal habeas corpus petition does not toll the applicable one year limitations period under section 2244(d)(1), unlike an application for state habeas corpus relief, which serves to toll the limitations period.  Duncan v. Walker, 533 U.S. 167, 172 (2001).

The other procedure is set forth in the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, the unexhausted claims are not dismissed and the mixed petition remains pending in federal court while the petitioner returns to state court to exhaust. Id. at 277. Therefore, the Rhines procedure protects the petitioner any potential untimeliness. However, there are limitations when the petition may be stayed under Rhines. In order to qualify for a stay under Rhines, the petitioner must (1) show good cause for his failure to exhaust all claims before filing the federal action; (2) explain how his unexhausted claim is potentially meritorious; (3) indicate the status of any pending state court proceedings regarding the unexhausted claim; and (4) there must be no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-278.

Petitioner fails to demonstrate good cause under Rhines for failing to exhaust these additional claims prior to filing the instant petition. Although Petitioner contends that he is a "laymen at law" and "without the skill, knowledge, training or education to navigate his unexhausted claims thru the myriad of court rules and civil procedures, 'expeditiously' as certified legal counsel," such contention does not demonstrate good cause for a stay under Rhines. Mere ignorance of the law is insufficient to demonstrate good cause because such a determination "would render stay-and-abeyance orders routine" and would be contrary to Rhines instruction that district courts should only stay mixed petitions in "limited circumstances." See e.g., Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008) (a petitioner's mere belief that his attorney had included a claim in an appellate brief not sufficient showing of good cause because such finding would allow virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay, such a procedure would run afoul of Rhines instruction to stay mixed petitions only in 'limited circumstances.'"); see also Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). In addition, the fact that Petitioner is alleging claims he contends are "outside of the record on direct review," that is not sufficient to demonstrate good cause. Such a ruling would run counter to the directions in Rhines that stays be available only in limited circumstances. Therefore, Petitioner is not entitled to a stay under Rhines.

Because the Court cannot find that at the present stage Petitioner's unexhausted claims are facially without merit, Petitioner will be provided the opportunity to request a stay under Kelly.

3

However, in order to proceed with a stay pursuant to the Kelly procedure, he must first file an amended petition deleting the unexhausted claims. [2] Petitioner is cautioned that the one year limitations period provided by section 2244(d)(1) applies and the Kelly procedure will not effectively protect the deleted unexhausted claims from future subjection to dismissal as untimely.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner shall respond to this order by (1) indicating whether he wishes to stay the action pursuant to the Kelly procedure or (2) indicating that he desires to delete the unexhausted claims and proceed only on the exhausted claims; and

2. Failure to comply with this order may result in a recommendation to dismiss the action. Local Rule 110.

IT IS SO ORDERED.

Dated:   **May 1, 2013**

UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is advised that pursuant to Local Rule 220, which governs the amendment of pleadings, if an amended petition is filed, the Court will examine it according to the same screening standards as applied to the original petition. Any amended pleading must be complete in itself, without reference to any prior pleading. See Lou v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (As general rule, an amended petition supersedes the original.)