UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY CARTWRIGHT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00463-AWI-SAB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR STAY AND ABEYANCE<br><br>(ECF No. 10) |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On May 1, 2013, the assigned magistrate judge issued an order regarding Petitioner's motion for a stay and abeyance. The Court found that Petitioner failed to meet the standard set forth in Rhines v. Weber, 544 U.S. 269 (2005), but informed Petitioner that he may seek a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

　　　　On July 5, 2013, Petitioner filed "objections" to the Court's May 1, 2013, order. The Court construes Petitioner's "objections" as a motion for reconsideration of the May 1, 2013 order under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b)(6) permits a court to relieve a party from an order for "any reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where

1

extraordinary circumstances exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

In the objections, Petitioner argues "good cause" exists to justify a stay under Rhines because he carefully drafted his unexhausted in state court as a "pro se" litigant and is currently awaiting adjudication on those claims. In addition, he contends that ground ten of the petition regarding ineffective assistance of counsel was exhausted on May 23, 2013.

The Supreme Court has found that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Rhines v. Weber, 544 U.S. 269, 278 (2005). However, the Supreme Court has emphasized that the "stay and abeyance procedure is available only in limited circumstances." Rhines, 544 U.S. at 277.

Petitioner's disagreement with the magistrate judge's order denying a stay and abeyance under Rhines is not grounds for reconsideration. The arguments presented by Petitioner in the motion for reconsideration were previously considered by the magistrate judge in its order regarding the motion for a stay. In that order, the magistrate judge specifically noted that pro se status and ignorance of the law is insufficient to demonstrate good cause "because such a determination 'would render stay-and-abeyance orders routine' and would be contrary to Rhines instruction that district courts should only stay mixed petitions in 'limited circumstances.'" See Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008). A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995).

The magistrate judge's ruling was not clearly erroneous. In sum, Petitioner has not met his burden as the party moving for reconsideration.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   July 31, 2013                              _____
                                                                  SENIOR DISTRICT JUDGE