IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HENRY CARTWRIGHT,**<br><br>                      Petitioner,<br><br>v.<br><br>**CONNIE GIPSON, Warden,**<br><br>                      Respondent. | 1:13-cv-00463 AWI MJS HC<br><br>**ORDER TO SHOW CAUSE AS TO WHY THE STAY SHOULD NOT BE VACATED** |

      Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on March 29, 2013, along with a motion for a stay and abeyance to exhaust certain unexhausted claims. The petition contained 12 claims, and Petitioner admitted that claims 7-12 had not been exhausted. On May 7, 2013, the Court granted Petitioner a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), but first required Petitioner to file an amended complaint removing claims 7-12. (Order, ECF No. 7.) Petitioner filed an amended complaint on September 26, 2013, and Court granted the stay on November 21, 2013. (ECF Nos. 18, 21.)

      Over eight months have passed since the stay was issued, and Petitioner has not

yet notified the Court that he has exhausted his state court remedies.

As discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances because the procedure frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings. <u>Rhines v. Weber</u>, 544 U.S. 277 (2005).

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. <u>See, e.g.</u>, <u>Zarvela</u>, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. <u>See id.</u>, at 380-381.

<u>Rhines</u>, 544 U.S. at 277-78.

Here, over eight months have passed since the matter was stayed. Petitioner has had sufficient time to present any unexhausted claims before the state courts. Petitioner is therefore ordered to show cause and explain why the stay should not be vacated.

## **ORDER**

Accordingly, it is ORDERED that Petitioner file a response to the order to show cause within fourteen (14) days of service of this order explaining why the stay should not be vacated.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   August 7, 2014            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE