IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HENRY CARTWRIGHT,**<br><br>Petitioner,<br><br>v.<br><br>**CONNIE GIPSON, Warden,**<br><br>Respondent. | 1:13-cv-00463 AWI MJS HC<br><br>**ORDER VACATING STAY AND ORDERING PETITIONER TO FILE AN AMENDED PETITION CONTAINING ONLY CLAIMS ONE THROUGH SIX WITHIN THIRTY DAYS**<br><br>**ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER A BLANK § 2254 HABEAS CORPUS FORM** |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.  **PROCEDURAL HISTORY**

On March 29, 2013, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) Contemporaneously with his petition, Petitioner filed a motion for stay and abeyance to exhaust claims seven through twelve in state court. (ECF No. 2.) After several

1

1 extensions of time, on November 21, 2013, the Court granted Petitioner's request to stay
2 the petition. (ECF No. 21.)

3 On August 7, 2014, the Court ordered Petitioner to show cause why the stay
4 should not be vacated. (ECF No. 22.) Petitioner did not respond, and on September 4,
5 2014, the Court issued an order to show cause why the petition should not be dismissed
6 for failure to comply with a court order. (ECF No. 23.) On October 14, 2014, Petitioner
7 filed a response to the order to show cause (See ECF No. 24.)

8 **III.    RESPONSE TO ORDER TO SHOW CAUSE**

9 Petitioner, in his response, first explains that he did not receive a copy of the
10 Court's September 4, 2014 order, and that he has had limited access to his legal
11 material due to prison lockdowns. Accordingly, the Court hereby withdraws the order to
12 show cause for failure to comply with the Court's order. However, the Court still must
13 address whether the case should remain stayed.

14 Further, in his response, Petitioner describes his efforts to exhaust state remedies
15 with regard to the unexhausted claims of the original petition.

16 Petitioner explains that he filed a petition for writ of habeas corpus with the Kern
17 County Superior Court on April 19, 2014. (ECF No. 24 at 4.)  Petitioner asserts that he
18 did not receive a decision from the superior court, and filed a notice and request for a
19 ruling and a petition for writ of mandate with the California Supreme Court to force the
20 superior court to rule on his petition. Petitioner asserts that the superior court has not
21 ruled and requests this Court to order the Kern County Superior Court to adjudicate his
22 habeas petition within thirty (30) days.

23 Even taking account of Petitioner's lack of knowledge of the law and attempts to
24 exhaust his claims with the state superior court, the Court finds that Petitioner has
25 delayed in attempting to exhaust his unexhausted claims in state court. After filing this
26 federal petition in March, 2013, Petitioner waited over a year to file a petition with the
27 superior court.

28

Petitioner was convicted over four years ago, his direct appeals were denied over two years ago, and the present petition has been pending for over a year and a half. As discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances because the procedure frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings. Rhines v. Weber, 544 U.S. 277 (2005).

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

Rhines, 544 U.S. at 277-78.

Petitioner's delay in attempting to exhaust the claims of his petition has frustrated this Court's attempt to adjudicate Petitioner's claims in a timely manner. Accordingly the Court hereby orders the stay vacated, and claims seven through twelve of the petition are dismissed without prejudice. Petitioner is ordered to file an amended petition containing only claim one of the original petition within thirty (30) days of the date of issuance of this order. Should Petitioner exhaust claims seven through twelve in state court, he may move to amend the present petition to add the claims if this petition is still pending. The Court declines at this time to decide if the claims, once exhausted, can properly be added to the federal petition within AEDPA's one year limitation period. If the present petition is no longer pending, Petitioner may move before the Ninth Circuit to file a second or successive petition containing the exhausted claims. See 28 U.S.C § 2244(b).

**III.     ORDER**

Accordingly, IT IS HEREBY ORDERED that the stay is vacated and that Petitioner shall file an amended petition containing claims one through six of the original

petition within thirty (30) days of the date of issuance of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  October 24, 2014           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE