UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY CARTWRIGHT,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON,<br><br>    Respondent. | No. 1:13-cv-00463-DAD-MJS<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION AND FOR EXTENSION OF TIME TO FILE REQUEST FOR CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 71, 75) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

On March 15, 2016, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied on the merits. (Doc. No. 58.) The findings and recommendations were served on all parties with notice that any objections thereto were to be filed within thirty days of the date of service of the findings and recommendation. Petitioner requested and was granted four extension of time in which to file objections. (Doc. Nos. 61, 63, 65, 67.) The assigned magistrate judge warned petitioner in the October 5, 2016 order granting his fourth request for an extension of time that "[n]o further extensions of time will be granted except upon a showing of exceptional circumstances beyond those already known to Petitioner." (Doc. No. 67.)

/////

1

Nonetheless, on November 7, 2016, petitioner filed a fifth motion for extension of time to file objections to the findings and recommendations. (Doc. No. 68.) However, petitioner did not show exceptional circumstances justifying the granting of a further extension of time in which to file his objections. Accordingly, on May 8, 2017, the undersigned denied petitioner's fifth motion for extension of time, adopted the findings and recommendation, denied the petition for writ of habeas corpus on the merits, and declined to issue a certificate of appealability. (Doc. No. 69.)

Now before the court are petitioner's motions for reconsideration and for extension of time to file a certificate of appealability. (Doc. Nos. 71, 75.) The court construes this as a motion for reconsideration under Rule 60. Among other provisions, Rule 60 allows the court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment, order, or proceeding," for "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). Rule 60(b)(6)'s catch-all provision is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). Generally, relief under Rule 60 will be available in three instances: "1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest injustice." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Moreover, "[a] motion for reconsideration is not a vehicle to reargue the motion." *Id.* (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992)).

Petitioner here asserts that a lack of access to the prison law library, the medications he is taking for his mental health, and problems receiving mail from the court, collectively provide reasons for the court to reconsider the denial of petitioner's request for an additional extension of time to file objections to the findings and recommendations. (Doc. No. 71.) Notably, however, petitioner has still not presented any objections to or arguments addressing the merits of the

findings and recommendations. Petitioner has managed to successfully file at least seven separate requests or motions with the court during this intervening time, many of which were granted, indicating he has the capacity to file responsive and necessary documents in this case. (Doc. Nos. 60, 62, 64, 66, 68, 71, 75.) At this point, almost eighteen months have elapsed since the findings and recommendations were issued. Petitioner has had ample time to set out any objections he has to the magistrate judge's findings and recommendations, and none have been forthcoming. Petitioner has not met his burden of showing that there has been an intervening change in the law, any new evidence to consider, or that there is clear error or manifest injustice. Accordingly, the motion for reconsideration is denied.

Moreover, while the caption of these motions indicated petitioner wishes the court to grant him an extension of time to file a request for a certificate of appealability, no substantive discussion of why such a certificate should have issued was included by petitioner in those motions. (Doc. Nos. 71, 75.) The court declined to issue a certificate of appealability, noting that petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not provided any reasons for the court to reconsider that decision. The court will therefore deny the request for an extension of time to file a request for a certificate of appealability without prejudice to petitioner's right to file a motion in the Ninth Circuit Court of Appeals seeking an extension of time to request a certificate of appealability from that court. *See* Ninth Circuit Rule 22-1(d) ("If the district court denies a COA as to all issues, petitioner may file a motion for a COA in the court of appeals within 35 days of the district court's entry of its order (1) denying a COA in full, or, (2) denying a timely filed post-judgment motion, whichever is later. If petitioner does not file a COA motion with the court of appeals after the district court denies a COA motion in full, the court of appeals will deem the notice of appeal to constitute a motion for a COA.")

for the reasons set forth above:

1. Petitioner's motions for reconsideration (Doc. Nos. 71, 75) are denied; and

/////

2. Petitioner's motions for extension of time to file a request for a certificate of appealability are denied without prejudice to his right to request the same from the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: __**August 16, 2017**__

_/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE